UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRYANT A. REAGOR,

    Plaintiff,

v.

ROBERT LOSACCO, et al.,

    Defendants.

Case No. 19-cv-05493-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, an inmate at California State Prison — Substance Abuse Treatment and Facility in Corcoran Prison, filed this *pro se* action alleging that he was denied kosher meals while housed at Pelican Bay State Prison in violation of his First Amendment right to free exercise of religion and in violation of his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

**A.   Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

Plaintiff has named as defendants Pelican Bay State Prison ("PBSP") Community Resource Manager Robert Losacco, PBSP Warden Jim Robertson, California Department of Corrections and Rehabilitation ("CDCR") Litigation Coordinator Voong, and PBSP Appeals Coordinator W. Coleman.

On August 27, 2018, while housed at PBSP, plaintiff submitted a CDCR Form 3030[1] Religious Diet Program Request requesting a kosher diet. On October 10, 2018, Defendant Losacco denied the request.

On October 1, 2018, while plaintiff's Form 3030 request was pending, plaintiff filed a grievance challenging the failure to provide him with kosher meals. Defendant Robertson did not interview plaintiff regarding this grievance and, on November 29, 2018, Defendant Robertson denied the grievance at the second level based on false and misleading statements regarding

---

[1] The Court presumes that plaintiff's reference to CDCR Form 303 is a typographical error.

2

plaintiff's understanding of the Jewish faith. On February 5, 2019, Defendant Voong denied the grievance at the third level, which violated plaintiff's First Amendment right to correct Defendant Robertson's violation of plaintiff's right to freely practice his religion. On May 17, 2019, after plaintiff had transferred to Salinas Valley State Prison ("SVSP"), he submitted another Form 3030 again requesting a kosher diet. On June 12, 2019, SVSP staff granted his Form 3030 request stating, "Inmate appeared to be well versed of Kosher (sic)." Dkt. No. 1 at 4-5.

Plaintiff alleges that defendants denied his kosher diet request because plaintiff is black and the defendants are white. Dkt. No. 1 at 3. He alleges that the denial of a kosher diet caused him to suffer different levels of spiritual shock, emotional distress, and embarrassment; as well as spiritual and physical harm.

Plaintiff alleges that his rights under the First Amendment and RLUIPA have been violated, and seeks declaratory relief; monetary, compensatory and punitive damages; costs of suit and attorney's fees; and any other relief deemed appropriate by the Court. Dkt. No. 1 at 4, 7.

The complaint suffers from the following deficiencies.

First, plaintiff lacks standing to seek declaratory relief because he is no longer housed at PBSP. A declaratory judgment is proper only where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498 (1972). Generally, when a prisoner is transferred from a prison, his claim for injunctive or declaratory relief becomes moot as to conditions at that particular facility. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (prisoner's claims for injunctive and declaratory relief relating to prison conditions are rendered moot by his transfer to another facility). Plaintiff's request for declaratory relief is DISMISSED with prejudice.

Second, plaintiff has failed to state a cognizable RLUIPA claim because the relief sought – declaratory relief and monetary damages – is unavailable. As discussed *supra*, because plaintiff is no longer housed at PBSP, he lacks standing to seek declaratory judgment for RLUIPA violations at PBSP. RLUIPA does not authorize money damages against state officials, whether sued in their official or individual capacities. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).

3

1  Plaintiff's RLUIPA claims are therefore DISMISSED with prejudice.

Third, plaintiff has failed to state a cognizable First Amendment free exercise claim. Prisoners retain the protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citation omitted). For a prisoner to establish a free exercise violation, he therefore must show that a prison regulation or official burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). Plaintiff has made no factual allegations from which it can be reasonably inferred that defendants' denial of a kosher diet was based solely on racial animus. The allegation that SVSP officials granted his kosher diet request nine months later does not lead to a reasonable inference of racial animus where SVSP officials appear to have based their grant on plaintiff's understanding of the kosher diet and PBSP officials appear to have based their denial on plaintiff's lack of familiarity with the Jewish religion, and where there are no factual allegations regarding racial animus or discrimination. Plaintiff's allegations are insufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. The Court DISMISSES plaintiff's First Amendment claim with leave to amend, if plaintiff can truthfully do so. *See Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to *pro se* plaintiffs.") (internal quotation marks and citation omitted). The Court notes that to the extent that plaintiff seeks damages for the alleged First Amendment violation, the Prisoner Litigation Reform Act (PLRA) provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury. 42 U.S.C. § 1997e(e).

Fourth, plaintiff has failed to state a claim against Defendant Coleman. Plaintiff has not made any factual allegations that Defendant Coleman was directly involved in the alleged constitutional violation. Plaintiff alleges that Defendant Coleman is liable because he is the PBSP Appeals Coordinator and therefore responsible for complying with both state and federal laws governing prisoners' civil rights. In other words, plaintiff seeks to hold Defendant Coleman liable

4

on the basis of his supervisory position, a theory known as supervisory liability. Under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another, i.e. under the theory of supervisory liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003–04 (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011). The Court DISMISSES Defendant Coleman from this action but grants plaintiff leave to amend his claim against Defendant Coleman if plaintiff can truthfully do so. *See Ramirez*, 334 F.3d at 861.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES with prejudice the RLUIPA claim and the request for declaratory relief; DISMISSES the First Amendment claim with leave to amend; and DISMISSES Defendant Coleman from this action but grants plaintiff leave to amend his claim against Defendant Coleman. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-05493 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 11/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge